## 29914. SIMS v. THE STATE.

BROYLES, C. J. The bill of exceptions in this case recites that the defendant was convicted in the criminal court of Fulton County of "the offense of violating the lottery laws of said State" and assigns error on the judgment of the superior-court judge overruling the defendant's certiorari. The record conclusively shows that the accused was convicted of the offense "of violating the revenue-tax act to legalize and control alcoholic beverages and liquors," and not of the offense of lottery. It is well-settled law that where there is a conflict between the allegations of the bill of exceptions and the record the record controls. There being no proper bill of exceptions, this court is without jurisdiction to decide the case, and the writ of error must be

*Dismissed. MacIntyre and Gardner, JJ., concur.*

DECIDED JANUARY 28, 1943.

*C. G. Battle,* for plaintiff in error.
*Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye, Lindley W. Camp, solicitor,* contra.

## 29928. WARE v. THE STATE.

BROYLES, C. J. The defendant was convicted in the criminal court of Fulton County of operating a lottery, known as the "number game," the judge presiding without a jury. The evidence amply authorized the judgment. The judge of the superior court did not err in overruling the petition for certiorari, which assigned error only upon the ground that the defendant's conviction was unauthorized by the evidence.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

DECIDED JANUARY 28, 1943.

*Russell G. Turner,* for plaintiff in error.
*Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye, Lindley W. Camp, solicitor,* contra.